**Tayla Rene (DRISKILL) Ohning, Appellant–Respondent,**

v.

**Dennis Keith DRISKILL, Appellee–Petitioner.**

**No. 82A04–0006–CV–258.**

Court of Appeals of Indiana.

Nov. 27, 2000.

Dennis Brinkmeyer, Evansville, IN, Attorney for Appellant.

Edward W. Johnson, Johnson, Carroll and Griffith, P.C., Evansville, IN, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

Tayla Ohning (Wife) appeals the trial court's denial of her motion to set aside the decree of dissolution of her marriage to Dennis Keith Driskill (Husband) and her Motion to Dismiss Information for Contempt. She raises a single issue on appeal that we restate as whether Wife is estopped from attacking Husband's status as the father of a child born while Husband and Wife were living together but before they married, when Husband was listed as the father on the child's birth certificate and the child was acknowledged in the dissolution decree and in three subsequent agreed entries signed by Wife as a "child of the marriage."

We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife began living together in August of 1996. At that time, Wife was married to a second man and was pregnant by a third. The child of that pregnancy was born in November of 1996. Husband was listed on the birth certificate as the child's father even though both he and Wife knew someone else was the biological father. Both Husband and Wife stated under oath in a paternity affidavit executed the day after the child was born that Husband was the child's father. Husband and Wife married in May of 1997 and separated in July or August of the same year.

Husband petitioned for dissolution of the

marriage in October of 1997.[1] In November, Wife requested blood tests to determine the child's paternity. Her request was granted, and a testing facility was chosen; but the tests were never carried out. The marriage was dissolved, and the decree of dissolution provided Husband and Wife would have "joint custody of the parties' one minor child" (R. at 122); Wife would be the primary physical custodian (*id.*); Husband would have visitation as scheduled and at other reasonable times (*id.*); and Husband would pay child support (*id.* at 124).

Over the next two years Husband filed several informations for contempt alleging Wife failed to allow visitation. At least three of the informations resulted in agreed entries wherein Husband is referred to as "Father" (R. at 77, 78, 84, 96) and which, in the case of one of the orders, is signed by Husband as "Father" and by Wife as "Mother." (*Id.* at 78.)

In November of 1999, Husband petitioned to adopt the child. The child's biological father filed a consent to the adoption acknowledging he was the child's father. In December of 1999, Wife petitioned to modify the prior custody and visitation orders. She alleged Husband was not the child's biological father, and the trial court therefore lacked jurisdiction to grant Husband joint custody or visitation. Husband filed in January of 2000 yet another information for contempt alleging Wife had refused to allow visitation.

Wife moved to dismiss the information on the ground the court lacked jurisdiction and subsequently moved to set aside the provisions of the dissolution decree granting visitation to Husband. The trial court denied the motions.

### STANDARD OF REVIEW

We first note that the record does not reflect that either party asked the trial court to enter findings under Ind. Trial Rule 52. Nevertheless, the trial court entered a number of findings on its own. Specifically, it found the final decree of dissolution acknowledged the child as a child of the marriage; Wife had signed three different agreed entries acknowledging the child was a child of the marriage; and there was no pending petition by Wife to establish paternity in another man.

When a general judgment is entered with findings, we will affirm it if it can be sustained on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997). Findings will be set aside only if they are clearly erroneous. *Id.* A finding is clearly erroneous only if the record contains no facts to support it either directly or by inference, and a judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* Superfluous findings, even if erroneous, cannot provide a basis for reversible error. *Mullin v. Mullin*, 634 N.E.2d 1340, 1341–42 (Ind.Ct. App.1994).

### DISCUSSION AND DECISION

Judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted when the court has acted on the admissions of the estopped party. *L.D.H. v.. K.A.H.*, 665 N.E.2d 43, 46 (Ind. Ct.App.1996), *abrogated on other grounds by Russell v. Russell*, 682 N.E.2d 513, 519 (Ind.1997). In *L.D.H.* we determined the trial court had correctly denied the mother's motion for blood tests to exclude her former husband as the father of one of her children. The mother had claimed in her petition for dissolution that the child was born of the marriage; she had asserted in objecting to grandparent visitation that her former husband was the child's father; and the trial court had acted on the mother's position when it granted the mother's

---

1. Husband alleged in his petition that there was one child of the marriage. Wife's cross-petition alleged there were no children born of the marriage.

request for child support from the former husband. We found that "[b]ecause of the judicial estoppel, there was no legal dispute between Father and Mother that Father is the biological father of Daughter." *Id.* at 47.

Wife is similarly estopped in the case before us. While Wife asserted in her cross-petition for dissolution that Husband was not the child's father, she subsequently accepted the benefit, in the form of child support from Husband, of the trial court's determination the child was a child of the marriage. We further note that the child custody, visitation, and support provisions of the trial court's dissolution decree were premised at least in part on "the agreement of the parties as it related to their minor child...." (R. at 120.) When it adopted the parties' three subsequent agreed orders concerning visitation, the trial court acted on Wife's representations in those agreed orders that the child was a child of the marriage and that Husband was the child's father. Wife is estopped from now asserting there is a legal dispute as to the paternity of the child.

Our supreme court stated in *Russell,* 682 N.E.2d at 518, that

> [i]n many cases, the parties to the dissolution will stipulate or otherwise explicitly agree that the child is a child of the marriage. In such cases, although the dissolution court does not identify the child's biological father, the determination is the legal equivalent of a paternity determination in the sense that the parties to the dissolution—the divorcing husband and wife—will be precluded from later challenging that determination, except in extraordinary circumstances.

The court found such extraordinary circumstances in *Fairrow v. Fairrow,* 559 N.E.2d 597 (Ind.1990), where a husband was found to be entitled to relief from a child support judgment. There, a test for sickle cell anemia some eleven years after the dissolution revealed the husband could not have been the child's biological father.

The court noted that the husband did not seek the genetic testing because he wanted to stop paying child support, *id.* at 599, and granted relief despite the recognized "importance of stability in legally recognized relationships between parents and children." *Id.* at 600. *See also Persinger v. Persinger,* 531 N.E.2d 502, 504 (Ind.Ct. App.1987) (recognizing the State's interest in protecting the offspring of its marriages from being bastardized).

The effect of granting the relief Wife seeks would be to bastardize the child, and the record before us reflects no extraordinary circumstances that would justify such a horrendous result for the only innocent party before the court. Accordingly, we find that Wife is judicially estopped from attacking the validity of the decree of dissolution, and the trial court therefore correctly denied her motion to set aside the decree and her related motion to dismiss husband's information for contempt.

Affirmed.

ROBB, J., and MATHIAS, J., concur.