**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Sep 21 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. JOHNSON**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE PATERNITY OF J.T.F., Minor Child, | ) ) ) | |
| M.A.J.,II, Father, | ) ) | |
| Appellant-Petitioner, | ) ) | |
| and | ) ) | No. 53A05-1203-JP-179 |
| D.H., Mother, | ) ) | |
| Appellee-Respondent, | ) ) | |
| STATE OF INDIANA, | ) ) | |
| Appellee-Intervening Party. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Stephen R. Galvin, Judge
The Honorable Bret D. Raper, Commissioner
Cause No. 53C07-1201-JP-43

**September 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

M.J. (Father) appeals the dismissal of his petition for blood or genetic testing. Because he is estopped to challenge J.F.'s paternity, we affirm.

## FACTS AND PROCEDURAL HISTORY

D.H. (Mother) gave birth to J.F. on February 23, 2000. Two days after J.F.'s birth, Father executed a paternity affidavit, naming him as J.F.'s father. Mother and Father married on September 13, 2000. Mother and Father divorced on February 20, 2003, and stipulated in those proceedings that J.F. was a child of the marriage. Based thereon, the trial court ordered Father to pay child support for J.F.

On September 2, 2003, as part of the divorce case, Father wrote a letter to the court requesting blood tests to determine if he was J.F.'s father. The trial court denied Father's request. Father wrote another letter to the trial court requesting a DNA test on May 13, 2004, and the court denied that request as well. On January 20, 2012, Father again filed a "Verified Petition for Blood or Genetic Testing." (App. at 10.)

On March 1, the trial court granted the State's motion to intervene,[1] and the State filed a motion to dismiss. After a hearing on March 19, the trial court denied Father's motion for a test and granted the State's motion to dismiss.

## DISCUSSION AND DECISION

The State filed its motion to dismiss based on Ind. Trial Rule 12(B)(1) (lack of subject matter jurisdiction) and T.R. 12(B)(6) (failure to state a claim upon which relief can be

---

[1] The State motioned to intervene based on support matters, "by virtue of the State of Indiana being a party to a case (53C01-0210-DR-00688) involving the same parties, and in which the State of Indiana's claims or defenses will be affected by the disposition of the case." (App. at 21.)

granted). Despite Father's attempts to make them so, the facts of this case are not in dispute, and thus our review is *de novo*. *See Bellows v. Board of Com'rs of County of Elkhart*, 926 N.E.2d 96 (Ind. Ct. App. 2010) (when facts undisputed, appellate court's review of motion to dismiss for lack of subject matter jurisdiction is *de novo*); *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010) (T.R. 12(B)(6) motion to dismiss is reviewed *de novo* and requires no deference to the trial court's decision).

"Judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted when the court has acted on the admissions of the estopped party." *Driskell v.Driskell*, 739 N.E.2d 161, 163 (Ind. Ct. App. 2000). Father acknowledged his paternity when J.F. was born and stipulated J.F. was a child of the marriage as part of his dissolution proceedings with Mother. As part of the dissolution action, Father was ordered to pay child support. Based on Father's prior assertions, he is estopped from now claiming he is not J.F.'s father. Accordingly, we affirm the trial court's denial of Father's motion for a paternity test and we affirm the trial court's grant of the State's motion to dismiss.[2]

Affirmed.

KIRSCH, J., and NAJAM, J., concur.

---

[2] We are unable to consider Father's appeal of the denial of a motion for DNA testing filed by another man purporting to be J.F.'s father, as Father does not have standing to bring an appeal on behalf of another person. *See Matter of Guardianship of Coffey*, 624 N.E.2d 465, 465 (Ind. 1993) ("one cannot appeal a judgment entered in a proceeding in which one was not a party").