COLLECTIONS, INC., Appellant–
Defendant,

v.

Joe D. WOLFE, Appellee–Plaintiff.

No. 27A04–0402–CV–92.

Court of Appeals of Indiana.

Oct. 29, 2004.

Publication Ordered Nov. 24, 2004.

Angela M. Smith, Hall Render Killian Heath & Lyman, Indianapolis, IN, Attorney for Appellant.

Emily C. Guenin–Hodson, Mark C. Guenin, Wabash, IN, Attorney for appellee.

## OPINION

SHARPNACK, Judge.

Collections, Inc. ("Collections") appeals the small claims court's judgment on its claim against Joe D. Wolfe. Collections raises one issue, which we restate as whether the small claims court's damage award is clearly erroneous because it did not award Collections the full amount of damages specified in the contract. We reverse and remand.

The relevant facts follow. On December 16, 1999, Wolfe entered into a Commitment Bonus Agreement ("Agreement") with Marion General Hospital ("Hospital"). Under the Agreement, the Hospital agreed to pay Wolfe $4,500.00 as an incentive for Wolfe to accept the position of Respiratory Care Practitioner–I, and Wolfe agreed to be employed in the position with " 'full-time benefit eligible' status beginning on December 13, 1999." Appellant's Appendix at 85. The Agreement also provided:

3. Should [Wolfe] cease to be employed for any reason as **Respiratory Care Practitioner–I** in a "full-time benefit eligible" status on or before **December 13, 2002**, [Wolfe] shall return the full amount of the "Bonus" to [the Hospital] upon the termination of employment as a **Respiratory Care Practitioner–I** in "full-time benefit eligible" status.

4. [Wolfe] further agrees to be responsible for court costs and reasonable attorney's fees in the event it is necessary for [the Hospital] to engage attorneys to collect this sum from [Wolfe.]

5. This Agreement may be terminated by either party giving thirty (30) days written notice to the other party. If this Agreement is terminated without cause by [the Hospital], [Wolfe] shall not have any obligation to repay [the Hospital] or to fulfill any employment requirement. If this Agreement is terminated by [Wolfe], repayment terms of the Agreement will apply.

*Id.* (emphasis in original). Wolfe resigned from his employment with the Hospital on September 13, 2002, three months before the end of the Agreement's three-year term. Wolfe did not repay the $4,500.00 bonus when he resigned.

Collections filed a notice of small claims lawsuit against Wolfe and requested a judgment in the amount of $4,500.00 plus interest and attorney fees of $1,500.00. After a bench trial, the small claims court entered the following order:

[T]he Commitment Bonus Agreement drafted by the hospital is somewhat ambiguous as to whether [Wolfe] would be a "full time" employee or only that he would be "full-time" eligible. In the event a [contract] is found to be ambiguous, those terms will normally be construed against the party who employed the language. The hospital received the

majority of the bargain for which they contracted because [Wolfe] was employed and worked even above expectations for 33 of the 36 months called for in the contract.

However, [Wolfe] did fail to fulfill the entire term of the agreement and therefore should not receive the full benefit of the contract.

**Judgment for [Collections] against [Wolfe] for $500.00, plus attorney fees of $500.00. Cost to be paid by [Wolfe].**

*Id.* at 4 (emphasis in original).

■ The issue is whether the small claims court's damage award is clearly erroneous because it did not award Collections the full amount of damages specified in the contract. The small claims court entered sua sponte findings of fact and conclusions thereon. Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997). We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Id.* When a court has made special findings of fact, we review sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.*

■ Findings will only be set aside if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* When the specific issue on review relates to questions of inadequate or excessive damages, we should not reverse a damage award if the award is within the scope of the evidence before the trial court, and we may not reweigh the evidence or judge the credibility of the witnesses. *Dunn v. Cadiente*, 516 N.E.2d 52, 54 (Ind.1987), *reh'g denied.*

■ Collections argues that the small claims court should have awarded a judgment against Wolfe in the amount of $4,500.00 plus attorney fees of $500.00. According to Collections, the $500.00 damage award is not within the scope of the evidence.[1] Wolfe argues that the small claims court's order is not clearly erroneous because Wolfe had substantially performed his duties under the contract and the law disfavors forfeiture of compensation.[2]

---

1. Collections does not appeal the small claims court's award of $500.00 in attorney fees.

2. Wolfe also argues that the small claims court's order is not clearly erroneous because the Agreement is ambiguous. The small claims court found an ambiguity regarding whether Wolfe had to be a "full-time" employee or a "full-time eligible" employee and noted that ambiguities should be construed against the Hospital. However, the small claims court found no ambiguity in the relevant provisions of the Agreement dealing with

the term and repayment obligations. The small claims court went on to find Wolfe failed to complete his three-year term of employment under the contract and entered a judgment in favor of the Hospital. Because the alleged ambiguity has no bearing on whether Wolfe breached the Agreement or whether the Hospital is entitled to damages, we need not address the argument.

Further, Wolfe argues that the Hospital should not benefit from its own wrongful acts because the Hospital prevented Wolfe from working by sending him home due to "low

Collections relies, in part, upon *Dove v. Rose Acre Farms, Inc.*, 434 N.E.2d 931 (Ind.Ct.App.1982). There, the employee was promised a $5,000 bonus if he completed certain construction work within ten weeks, worked at least five full days a week for the same ten weeks, and was not tardy or absent. *Id.* at 932. In the tenth week, the employee became sick due to strep throat and missed two days of work. *Id.* at 932–933. As a result, the employer refused to give the bonus to the employee. *Id.* at 933.

On appeal, we noted that the doctrine of "[s]ubstantial performance applies where performance of a nonessential condition is lacking, so that the benefits received by a party are far greater than the injury done to him by the breach of the other party." *Id.* However, we determined that the doctrine of substantial performance was not applicable because the employee violated an essential condition of the bonus agreement, i.e. the agreement's tardiness and absenteeism rules. *Id.* at 935. We noted "[i]t is difficult for plaintiff to extricate himself from the conditions of employment which he has voluntarily assumed, for even though the forfeiture provisions seem harsh, we can only interpret the contract which the parties have made." *Id.* at 934 (quoting *Muir v. Leonard Refrigerator Co.*, 269 Mich. 406, 257 N.W. 723, 724 (1934)). The employee willingly entered into the bonus arrangement, and "he must be held to have agreed to all of the terms upon which the bonus was conditioned. If the conditions were unnecessarily harsh or

eccentric, and the terms odious, he could have shown his disdain by simply declining to participate, for participation in the bonus program was not obligatory . or job dependent." *Id.* at 935. Consequently, we held that the employee was not entitled to recover any portion of the bonus. *Id.* at 936.

Similarly, here, the three-year term was an essential element of the Agreement. Although the Agreement may seem harsh because Wolfe had completed all but three months of the Agreement, we are constrained to interpret the Agreement that the parties made. The Agreement clearly provided that: (1) "Should [Wolfe] cease to be employed for any reason ... on or before **December 13, 2002**, [Wolfe] shall return the full amount of the 'Bonus' to [the Hospital] ...;" and (2) "If this Agreement is terminated by [Wolfe], repayment terms of the Agreement will apply." Appellant's Appendix at 4 (emphasis in original). Thus, if Wolfe terminated his employment before December 13, 2002, he was required to repay the entire bonus. Because Wolfe terminated his employment three months before the end of the Agreement's term, the repayment provisions of the Agreement require him to repay the entire $4,500.00 bonus. Consequently, we conclude that the small claims court erred by entering a judgment that only required Wolfe to repay $500.00 of the $4,500.00 bonus. *See, e.g., Dove*, 434 N.E.2d at 934–935.

For the foregoing reasons, we reverse the judgment of the small claims court and

census" and by retaining contract workers instead of using Wolfe. However, Wolfe does not claim that the reduction in hours eliminated his "full-time benefit eligible" status or that the Hospital terminated him without cause. To the extent Wolfe attempts to argue that the Hospital breached the Agreement first, we note that the Hospital presented evidence at the trial that Wolfe voluntarily took a

low census reduction in hours and still exceeded full-time hours by working overtime. The small claims court found that Wolfe breached the Agreement and did not find that the Hospital breached the Agreement. Wolfe simply requests that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do.

remand for proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J. and MAY, J. concur.

### ORDER

On October 29, 2004, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Verified Motion to Publish Memorandum Decision. The Appellant states that this decision resolves a legal issue of unique interest and that its publication will likely serve the interest of judicial economy by serving as precedent. Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Verified Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on October 29, 2004, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges concur.