**OLYMPUS PROPERTIES, LLC,**
Appellants–Defendants,

v.

**Jason PLOTZKER, Appellee–Plaintiff.**

No. 53A01–0709–CV–445.

Court of Appeals of Indiana.

June 13, 2008.

Traci A. Gundersen, Ferguson & Ferguson, Bloomington, IN, Attorney for Appellant.

Gary J. Clendening, Janice L. Sterling, Mallor Clendening Grodner & Bohrer LLP, Bloomington, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

After Jason Plotzker breached one lease, Olympus Properties, LLC, repudiated a subsequent lease. Plotzker commenced an emergency possessory action in small claims court, and the court awarded Plotzker possession of the apartment and attorney fees. Because Plotzker was not a

tenant as defined by statute, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY[1]

Plotzker is a student at Indiana University in Bloomington. He and Parker Newman agreed to lease apartment 311 in the Mercury Building, which is managed by Olympus, from August 1, 2006 to August 1, 2007. In December 2006, Plotzker agreed to lease apartment 306 in the same building from August 14, 2007 to August 5, 2008. Also in December 2006, Plotzker sublet apartment 311 to John Schwartz. Plotzker traveled to Barcelona, Spain, then moved to Evansville, Indiana for a summer internship.

On August 1, 2007, Leasing agent Brett Smith went to apartment 311 to conduct a move-out inspection. The apartment had been left in an unsanitary condition. Property manager Julie Cook saw the apartment and found bags of trash and several personal items. One of those items was a bed, which Newman had arranged to donate to charity. Newman and Schwartz told Olympus the rest of the items belonged to Plotzker.

Because of the hold-over and the unsanitary condition of the apartment, Olympus considered Plotzker in breach of his lease for apartment 311. On August 2, 2007, Olympus notified Plotzker it was repudiating the lease for apartment 306 because of his breach of his previous lease.

During his sophomore year, Plotzker had been robbed at knifepoint in an apartment in the outskirts of Bloomington. Plotzker became very anxious about his safety and began seeing a therapist. The therapist recommended he move to a se-cure apartment in a central part of town. Accordingly, Plotzker chose the Mercury Building, which is located in downtown Bloomington and has several security features. Residents access the building with an electronic key, and guests must use a buzzer. Packages cannot be left at the building; someone must sign for them.

When Olympus repudiated the lease for apartment 306, Plotzker began looking for other apartments with similar security features, and he claimed he was unable to find any because the school year was about to begin. Plotzker planned to withdraw from Indiana University and move in with one of his parents if he could not find an apartment in Bloomington that was sufficiently secure. On August 10, 2007, Plotzker filed in small claims court a complaint and a motion for emergency possessory order. A trial was held on August 15, 2007. The court ordered Olympus to give possession of apartment 306 to Plotzker and ordered the parties to submit briefs on the issue of attorney fees. Plotzker submitted an affidavit requesting costs and fees of $7,505, which the court granted on August 27, 2007.

## DISCUSSION AND DECISION

Olympus raises three issues, which we restate as: (1) whether the small claims court had subject matter jurisdiction over the case; (2) whether the small claims court erred by awarding injunctive relief; and (3) whether the small claims court erred by awarding Plotzker attorney fees.

"On appeal, our standard of review is particularly deferential in small claims actions, where 'the trial shall be informal, with the sole objective of dispensing speedy justice between the parties

1. We heard oral argument in this case on May 7, 2008, in Indianapolis and commend coun-

sel for the quality of their appellate advocacy.

according to the rules of substantive law.'" *Truck City of Gary, Inc. v. Schneider Nat'l Leasing,* 814 N.E.2d 273, 277 (Ind. Ct.App.2004) (quoting Ind. Small Claims Rule 8(A)). The small claims court entered findings of fact and conclusions of law. The court's findings will be set aside only if they are clearly erroneous. *Collections, Inc. v. Wolfe,* 818 N.E.2d 14, 15 (Ind.Ct.App.2004). A finding is clearly erroneous if our review of the evidence leaves us with a firm conviction that a mistake has been made. *Id.* However, questions of law are reviewed *de novo,* and we owe no deference to a trial court's legal conclusions. *State Auto Ins. Companies v. Shannon,* 769 N.E.2d 228, 231 (Ind.Ct. App.2002), *trans. denied* 783 N.E.2d 695 (Ind.2002).

### 1. *Subject Matter Jurisdiction*

▮ Subject matter jurisdiction concerns whether a claim falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute. *Rhines v. Norlarco Credit Union,* 847 N.E.2d 233, 237 (Ind.Ct.App.2006), *trans. denied* 860 N.E.2d 595 (Ind.2006), *cert. denied* — U.S. ——, 127 S.Ct. 1877, 167 L.Ed.2d 364 (2007). Ind.Code § 33–29–2–4(b) provides small claims courts have jurisdiction over:

(1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds six thousand dollars ($6,000) in order to bring it within the jurisdiction of the small claims docket.

(2) Possessory actions between landlord and tenant in which the rent due at the time the action is filed does not exceed six thousand dollars ($6,000).

(3) Emergency possessory actions between a landlord and tenant under IC 32–31–6.

Ind.Code § 32–31–3–10 defines "tenant" as "an individual who occupies a rental unit: (1) for residential purposes; (2) with the landlord's consent; and (3) for consideration that is agreed upon by both parties." This definition applies to chapter 32–31–6, governing emergency possessory orders, and chapter 32–31–8, governing actions to enforce an obligation of a landlord. *See* Ind.Code §§ 32–31–6–1 and 32–31–8–2. Plotzker was not a tenant because he never occupied apartment 306.

Plotzker argues he is a tenant under *Starks v. Village Green Apartments,* 854 N.E.2d 411 (Ind.Ct.App.2006). Thomas E. Starks and Herman C. Price leased an apartment from Village Green for their sons, Thomas D. Starks and Jeremy Price. The lease contained the fathers' addresses. The sons vacated the apartment in August 1998, and no rent was paid after September 1998. On October 22, 1998, Village Green sent a notice to "Thomas Starks" at the vacated apartment itemizing the unpaid rent and other damages. Village Green eventually sued the fathers for those damages.

The fathers argued they were entitled to the return of their security deposit because they had supplied their addresses, but Village Green had not sent the itemized list to those addresses. The trial court held Village Green was not required to do so because the fathers were not tenants under Ind.Code § 32–31–3–10. We concluded the fathers were tenants because they had the right to occupy the apartment:

I.C. § 32–31–3–10 does indeed define "tenant" as an individual who occupies a rental unit: "(1) for residential purposes; (2) with the landlord's consent; and (3) for consideration that is agreed

upon by both parties." The question in this case is, what does it mean "to occupy" a rental unit? The trial court obviously concluded that "to occupy" means to live in, in a literal, physical sense. To be sure, that is one meaning of the term. Another, however, is "to take or hold possession or control of". *Merriam–Webster Online Dictionary* (found at http://www.mw.com/dictionary/occupy).

*Starks*, 854 N.E.2d at 416.

Plotzker argues he was a tenant because he had the right to occupy the apartment during the lease period. Plotzker, however, never had possession of or control over the apartment. Olympus repudiated the lease before Plotzker's right to occupy the apartment commenced. Accordingly, Plotzker is not entitled to the statutory remedies of a tenant.

Because Plotzker was not a tenant, he could not proceed in small claims court under Ind.Code §§ 33–29–2–4(b)(2) or (3).[2] However, Plotzker is entitled to a remedy under contract law for Olympus' breach of the lease, and the small claims court had jurisdiction pursuant to Ind.Code § 33–29–2–4(b)(1), which confers jurisdiction over civil actions for damages of $6,000 or less.

## 2. *Injunctive Relief*

The small claims court erroneously awarded Plotzker possession of the apartment. The court relied on chapter 32–31–6, which governs emergency possessory orders. However, because Plotzker was not a tenant, that chapter is inapplicable. Moreover, because the jurisdiction of a small claims court is limited to that granted by the Constitution or by statute, the small claims court did not have power to award injunctive relief apart from the statute. *See Nielsen Buick Jeep Eagle Subaru v. Hall*, 726 N.E.2d 358, 360 (Ind.Ct. App.2000).

The small claims court had jurisdiction to resolve this case according to the principles of contract law. Olympus concedes it breached the lease, and the court should have awarded Plotzker his damages flowing from that breach instead of granting possession. Therefore, we remand for the court to consider what damages, if any, Plotzker has suffered due to Olympus' breach.[3]

## 4. *Attorney Fees*

■ The small claims court awarded Plotzker attorney fees of $7,505 pursuant to Ind.Code § 32–31–8–6. That section permits a court to award attorney fees if the tenant prevails in an action to enforce an obligation of a landlord. Because Plotzker was not a tenant, he was not entitled to attorney fees pursuant to that section. "Litigants must generally pay their own attorney fees. Thus, an award of attorney fees is not allowable in the absence of a statute, agreement, or stipulation authorizing such an award." *Davidson v. Boone County*, 745 N.E.2d 895, 899 (Ind.Ct.App. 2001) (citations omitted). Therefore, we direct the small claims court determine on remand whether there is a basis other than the landlord-tenant statutes for

**2.** Because we conclude Plotzker was not a tenant, we need not determine whether he suffered "immediate and serious injury, loss, or damage" as contemplated by the emergency possessory statute. *See* I.C. § 32–31–6–6.

**3.** We note Plotzker did not receive possession of the apartment by August 14, 2007, when the lease was to commence; therefore, he may have damages due to the delay in receiving possession. However, at this point, Plotzker has had possession of the apartment for the larger part of the lease, and Olympus has represented it does not intend to require him to vacate the premises.

awarding attorney fees to Plotzker.[4]

## CONCLUSION

The small claims court had jurisdiction to hear Plotzker's case. However, because Plotzker was not a tenant, the court could not award injunctive relief or attorney fees pursuant to the landlord-tenant statutes. Therefore, we remand for the court to determine the amount of Plotzker's damages, if any, and whether he is entitled to attorney fees.

Reversed and remanded.

BAKER, C.J., and RILEY, J., concur.

---

4. Olympus also argues it was deprived of an opportunity to defend on the issue of attorney fees and any award of attorney fees should be limited to the jurisdictional amount. Because it is not apparent from the record that Plotzker is entitled to attorney fees, we do not reach these issues.