**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2013, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM K. KROWL**
Krowl Law, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

PRIORITY PRESS, INC.,         )
         )
   Appellant-Plaintiff,       )
         )
       vs.         )     No. 29A02-1303-SC-278
         )
MEDIA METHODOLOGY,     )
         )
   Appellee-Defendant.      )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1207-SC-7092

**October 2, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Priority Press, Inc. (Priority) sued Media Methodology (Media) in small claims court for breach of contract. Priority appeals a judgment in favor of Media following a bench trial. Priority presents the following restated issue for review: Did the trial court err in entering judgment in favor of Media?

We affirm.

The facts are that Priority is a company engaged in the business of providing printing and mailing services for individuals and companies. Included in these services are printing and mailing brochures, postcards, envelopes, and stationary. Media was a client of Priority. In 2011, Media hired Priority for two printing jobs, both of which were ultimately bound for Media customer, Earlham College (Earlham). The first of these jobs involved the printing of reports (the reports job) for Earlham. The second job involved the printing of a newsletter (the newsletter job).

Benjamin Keith was Media's registered agent and represented Media in all matters between Media and Priority. Sometime during the fall of 2011, Keith asked Priority to print reports for eventual use by Earlham. Priority quoted Keith a job price of $2158. It took Priority approximately one month to complete this job, which was far longer than is standard in the industry, and far longer than Media anticipated. When the job was completed, Priority billed Media $2439. In the end, the job was not done per Keith's specifications, nor to Earlham's satisfaction. With respect to the newsletter job, Media ordered approximately 4800 copies of a newsletter. Problems arose again concerning the timeliness of completion of the job, as well as Earlham's satisfaction with the final product, which again was not done

according to Keith's specifications. After the difficulties it experienced with respect to both jobs, Earlham severed its professional relationship with Media. Earlham had been a valued customer for more than five years and constituted a significant portion of Media's business.

As a result of the problems it incurred and the loss of Earlham's business, Media refused to pay Priority for the reports job and the newsletter job. On July 13, 2012, Priority filed a notice of claim seeking judgment against Media in the amount of $4982, plus interest and court costs. Following a hearing, the trial court granted judgment in favor of Media, as follows:

> The Court, having heard evidence and arguments and having taken the trial under advisement, rules as follows:
>
> The Plaintiff did not produce any invoices or written agreements to support its claim. The Plaintiff failed to prove the formation of an agreement with the Defendant and failed to prove that it complied with any agreement. The Defendant disputed the claim because of the quality of the work and the tardiness of the delivery of the product; claims that the Plaintiff was unable to rebut.

*Appellant's Appendix* at 3. Priority appeals this judgment.

We note that Media did not file an appellee's brief. When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error. *In re Paternity of S.C.,* 966 N.E.2d 143 (Ind. Ct. App. 2012), *trans. denied*. In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id*. Moreover, we will not undertake the burden of developing legal arguments on the appellee's behalf. *Id*.

This case was tried before the bench in small-claims court. In such cases, we review

for clear error. *McKeighen v. Daviess Cnty. Fair Bd.*, 918 N.E.2d 717 (Ind. Ct. App. 2009). Although we are particularly deferential to the trial court in small-claims actions with respect to factual determinations and conclusions flowing from those facts, we owe no deference to a small-claims court's legal conclusions regarding questions of law, which we review de novo. *Olympus Props., LLC v. Plotzker*, 888 N.E.2d 334 (Ind. Ct. App. 2008). We presume the trial court correctly applied the law and give due regard to the trial court's opportunity to judge the credibility of witnesses. *Id.* We will not reweigh the evidence, and we will consider only the evidence and reasonable inferences therefrom that support the trial court's judgment. *Id.*

We begin by observing that the trial court's judgment includes what must be regarded as a finding that Priority failed to prove the existence of a contract, i.e., that Priority "failed to prove the formation of an agreement with" Media. *Appellant's Appendix* at 3. This finding is not supported by the evidence. Neither party disputed that an agreement existed between Media and Priority with respect to the two jobs for which Priority sought payment from Media. In fact, Priority introduced documents memorializing those agreements, and Keith's testimony acknowledged some of the terms of those agreements, including cost, subject matter, and time terms. Clearly, there was a contract between Priority and Media with respect to both jobs. This does not mean, however, that the trial court's ultimate judgment must be reversed.

The second part of the trial court's judgment cut to the heart of the matter. The court indicated that Priority "failed to prove that it complied with any agreement." *Id.* More

4

importantly, the court noted that Media's defense centered upon Priority's performance under the contract, i.e., that Media "disputed the claim because of the quality of the work and the tardiness of the delivery of the product[.]" *Id.* In other words, Media denied that it owed Priority payment under the contract because Priority materially breached the contract by failing to perform its contractual obligations. The trial court obviously found in favor of Media on this point because it noted that Priority was unable to rebut Media's claim that Priority delivered faulty products, and did not perform its duties in a timely manner. We examine the following factors in determining the question of fact regarding whether a party is in material breach of a contract:

> (a) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated;
> (b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance;
> (c) The extent to which the party failing to perform has already partly performed or made preparations for performance;
> (d) The greater or less hardship on the party failing to perform in terminating the contract;
> (e) The willful, negligent or innocent behavior of the party failing to perform;
> (f) The greater or less uncertainty that the party failing to perform will perform the remainder of the contract.

*Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1048-49 (Ind. Ct. App. 2003) (quoting *Tomahawk Vill. Apts. v. Farren,* 571 N.E.2d 1286, 1293 (Ind. Ct. App. 1991)).

The evidence supported the trial court's finding that Priority materially breached its contract with Media. Keith testified that he lost money on both contracts, and that he lost Earlham as a client as a result of Priority's deficient performance under both contracts. Although it is true that Priority partly performed in that it delivered product to Media, that

5

product was nonconforming and cost Media a valued and regular customer. Keith testified that Priority took thirty days to do in the first job what should customarily have taken only one or two days. With respect to that job, Keith testified that Priority charged him more than their initial quote. There was also evidence that Priority did not diligently communicate with Keith when difficulties arose, which was at least a partial cause of the undue length of time it took to complete the jobs. Therefore, although the trial court erred in finding that no contract existed, it did not err in finding that Priority breached the contract. Moreover, the breach was material, in that the breach caused Media to lose money on both jobs, and it also lost a valued customer.

The gravamen of Priority's complaint is that Media breached its contractual obligation "when it refused to pay for the services it was provided." *Appellant's Brief* at 7. Even assuming for the sake of argument that Media's refusal to pay constituted a breach of the contract between it and Priority, the trial court's ruling was not erroneous. "[W]here a party is in material breach of a contract, he may not maintain an action against the other party or seek to enforce the contract against the other party if that party later breaches the contract." *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d at 1048. As set out above, Priority was the first to breach the contracts with Media with respect to both jobs for which Priority seeks payment. Therefore, Priority may not now maintain an action to enforce the contract with Media for a subsequent breach on Media's part. *See Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042.

Finally, Priority claims in the alternative that it has presented a sufficient case for

unjust enrichment against Media. Our Supreme Court has explained this doctrine as follows:

> A claim for unjust enrichment "is a legal fiction invented by the common law courts in order to permit a recovery ... where the circumstances are such that under the law of natural and immutable justice there should be a recovery ..." *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991) (citation omitted). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of Restitution § 1 (1937). To prevail on a claim of unjust enrichment, a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Bayh,* 573 N.E.2d at 408.

*Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009).

Priority claims that the "benefit" requirement was established because it provided two shipments of printed materials to Media, which Media then sold to Earlham. Looked at in a certain way, this would appear to satisfy the "measurable benefit" requirement. Even if it did, however, we cannot ignore the qualifier that the doctrine does not apply except "under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Id.* This factor requires us to consider the totality of the circumstances in determining whether retention of the benefits would be unjust.

Media accepted the printed materials produced by Priority and passed them along to its customer, Earlham, but refused to pay the $4982 contract price. Media does not dispute that it was paid by Earlham. It appears that the amount paid by Earlham for these specific jobs is uncertain, but Keith testified that Earlham did not pay in full. He explained:

> They grouped together three jobs which included some design work that I did for them and letterhead that I had printed elsewhere so they did not specifically denote amounts for the check. They didn't specifically denote this is for this this is for that period there was a portion paid. I can't tell you exact percentage of what that was because they grouped their checks. It covers through them to

7

the business office and they grouped their checks.

*Transcript* at 45. Elsewhere, Keith testified that he lost money on both jobs because of Priority's breach. Moreover, and most importantly, Keith testified that he lost Earlham's business as a result of Priority's substandard performance. Earlham had been a substantial customer for approximately five years. As Keith described it, "I lost, like I said, a $30-$40,000 account." *Id.* at 33. Viewed in their totality, these circumstances are not such that Media can be regarded as having been enriched by Priority's efforts, much less unjustly so. Thus, Priority has not established a claim for recovery under the doctrine of unjust enrichment.

Priority has failed to establish a prima facie showing of error. Although some of the findings of fact supporting the trial court's judgment were not supported by the evidence, its disposition of Priority's claim for relief is based upon facts supported by evidence in the record and thus is not clearly erroneous.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.