Max YANOFF, Appellant,

v.

Glenn W. MUNCY, Paula J. Muncy, Citizens Fidelity Bank & Trust Company, Indiana k/n/a PNC Bank, Indiana, Inc., INB Banking Company k/n/a NBD, N.A., State of Indiana, Department of Revenue, Treasurer of Clark County, Indiana, City of Jeffersonville, Indiana and the Trust of William T. Cavanaugh, Appellees.

No. 10S05–9712–CV–673.

Supreme Court of Indiana.

Dec. 18, 1997.

Daniel R. Marra, Jeffersonville, for Appellant.

Stephen W. Voelker, Jeffersonville, for Appellee Trust of William T. Cavanaugh.

## ON PETITION OF TRANSFER

BOEHM, Justice.

Max Yanoff conveyed real estate to Glenn Muncy and took back a promissory note secured by a recorded purchase money mortgage. Available records leave us in doubt precisely how much was paid on the note, but undisputed evidence establishes a minimum unpaid balance. We hold that the minimum is an enforceable obligation entitled to priority over other creditors of Muncy. Specifically, the issues are:

I. Was the trial court clearly erroneous in finding that Yanoff failed to establish the existence of Muncy's debt to him?

II. Was the trial court clearly erroneous in finding that Yanoff did not establish a minimum amount owed on that debt even if the precise value was uncertain?

We answer both questions in the affirmative.

### Factual and Procedural Background

In 1989, Max Yanoff, a resident of Kentucky, conveyed a parcel of land in Jeffersonville, Indiana to Glenn Muncy. Muncy paid $10,000 down and executed a purchase money mortgage to Yanoff securing the balance of $90,000. Muncy agreed to pay all property taxes and also attorney fees in the event of default. In 1994, the Trust of William Cavanaugh ("Trust") obtained a judgment lien against several pieces of Muncy's property, including the parcel conveyed by Yanoff. The Trust then filed to foreclose its lien, and the trial court held a hearing to determine the relative priority of Yanoff's and the Trust's liens.

Before the hearing, a Kentucky judge had determined that Yanoff was partially incompetent to handle his financial and personal affairs. That court appointed his nephew, Irving Steinberg, as a guardian and limited conservator. Before trial, Muncy and Yanoff (via Steinberg) entered into an agreed judgment approved by the trial court in which Muncy admitted that he owed Yanoff $45,000 on the promissory note, $2,500 in attorney fees, and $3,600.28 in property taxes. The Trust was not a party to the agreement. At trial Muncy testified that he was indebted to Yanoff on the mortgage, but was uncertain of the amount. He produced an amortization schedule showing the scheduled monthly payments of principal and interest. He testified to the interest rate (10% per annum), and time period (10 years). He also testified to cash payments totaling $15,000 and $15,900 in property repairs. Muncy had no receipt for either amount, but both, according to Muncy, were understood by him and Yanoff to reduce his obligation to Yanoff. According to the amortization schedule provided by Muncy, his debt to Yanoff would be $46,893.81 as of June 1995, based on monthly payments alone.

■ The trial court recognized that Yanoff's mortgage was superior to the Trust's lien. However, Yanoff was held incompetent to testify and Steinberg was unable to establish exactly how much Muncy owed to Yanoff.[1] Steinberg had been unable to find all

1. Yanoff contends it was error to exclude his testimony. Yanoff is correct that an adjudication of inability to manage his affairs does not necessarily render the witness incompetent. However, the determination of competence is within the discretion of the trial court. Although a hearing is required to determine competence, *Hughes v. State,* 546 N.E.2d 1203, 1209 (Ind.1989), there appears to have been no objection or offer to prove to challenge the trial court's proceeding to rule based on the Kentucky adjudication alone. Accordingly, this record does not support a finding of abuse of discretion. The relevant statute, Indiana Code § 34–2–20–1, provides that in a suit on a contract to which an adjudicated incompetent is a party, neither party to the contract is competent to testify to matters occurring before the appointment of a guardian. However, either party may call the other. Because Muncy was called by Yanoff, it was proper to permit his testimony even if Yanoff's was excluded.

of Yanoff's financial records, including any promissory note. He was able to testify that since he had been appointed guardian for Yanoff in June 1995, Muncy had not made any of the monthly payments called for by the amortization schedule.

The trial court made special findings sua sponte pursuant to Indiana Trial Rule 52(D). Among those findings were: "Max Yanoff was unable to establish the balance owed on his mortgage"; and "Max Yanoff never produced a note or other written evidence of debt...." The trial court awarded Yanoff $2,500 in attorney fees and $3,600.28 for property taxes that Yanoff (via Steinberg) had paid to avoid a tax sale, but denied recovery of any principal or interest. Yanoff appealed and, with one judge dissenting, the Court of Appeals affirmed, reasoning that Yanoff was required to establish the amount owed to him, and that his failure to do so precluded his recovery. *Yanoff v. Muncy*, 676 N.E.2d 765 (Ind.Ct.App.1997). Yanoff seeks transfer, asserting that he should be able to recover the $45,000 Muncy admitted was owed him.

### Standard of Review

■■■ Sua sponte findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *Mullin v. Mullin*, 634 N.E.2d 1340, 1341 (Ind.Ct.App.1994). "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Id.* (citation omitted). When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. "First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law." *Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind.1994) (citation omitted). Findings will only be set aside if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* (citation omitted). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts.

*State v. Van Cleave*, 674 N.E.2d 1293, 1296 (Ind.1996). In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* at 1295. This case meets that standard.

### I. The Existence of the Debt was Established

■■■ We agree with Yanoff that he produced evidence of a promissory note or other written evidence of a debt sufficient to support his claim. In pertinent part, Indiana Code § 26–1–3.1–309 provides:

(a) A person not in possession of an instrument is entitled to enforce the instrument if:

(1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

(2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument.

"Prove" is defined by Indiana Code § 26–1–3.1–103(10) to mean "meet the burden of establishing the fact...." The "terms" that are sufficient to establish Muncy's debt are an obligation to pay, the number and timing of payments, and the amount of each payment. This statute is designed to prevent the obligor from exposure to multiple collections of the same negotiable instrument. It is proper to require, as the statute permits, appropriate security to protect against that risk.

■■■ Yanoff asserts he meets the requirements of subsection (a) because Steinberg

testified without contradiction that he was unable to find all of Yanoff's records. The Trust responds, correctly as far as we can determine, that there is no such testimony, even if Yanoff asserts the fact in his brief. However, there is no dispute, as the trial court found, that no note was offered into evidence by Yanoff or anyone else, and no dispute that an actual debt secured by the mortgage existed in some amount. There is also no evidence supporting the conclusion that Yanoff had sold the note to an unknown third party. In view of the fact that many payments were delinquent by the time of trial and Muncy had received no collection effort, that scenario seems highly improbable. This fact, combined with Yanoff's adjudicated incompetence, makes the inference of either a lost or nonexistent note virtually inescapable. Whether the note existed, and was lost, or never existed, in either case Muncy's undisputed admission of debt secured by the mortgagee is sufficient to establish that fact.

The main dispute arises under subsection (b), which requires Yanoff to prove both the terms of the note and his right to enforce it. The Court of Appeals majority reasoned that because the mortgage and the note are separate instruments, *Paulausky v. Polish Roman Catholic Union of Amer.*, 219 Ind. 441, 452, 39 N.E.2d 440, 445 (1942), proof of the existence of one does not prove the existence and terms of the other. This analysis, however, ignores the fact that Muncy admitted the $90,000 debt. Muncy also provided the court with its essential terms. He testified to the amount of the original debt ($90,000), the interest rate of 10%, the existence of a mortgage securing the debt, and the schedule of payments ($1,189.36 monthly).[2] Muncy conceded that he still owed Yanoff on this debt. This undisputed evidence offered (and admitted) by the debtor is enough to prove both the existence of the promissory note underlying the mortgage and the essential terms. The fact that Yanoff was unable to offer proof of the existence and terms of the debt does not bar his recovery when these facts are established by other competent evidence. *Cf. Mechanics Laundry & Supply, Inc. v. Wilder Oil Co.*, 596 N.E.2d 248, 254 (Ind.Ct.App.1992) (an uncontested instrument can be admitted into evidence without proving its execution).

## II. A Minimum Balance Owed to Yanoff was Established

 Yanoff asserts that since the trial court could have determined the amount owed to him by Muncy, the trial court's finding that Yanoff was unable to establish the amount owed on the mortgage was clearly erroneous. Both the trial court and the Court of Appeals majority relied on the well established principle that a mortgagee must affirmatively establish the amount owed to him in order to recover, and that any doubt or uncertainty should operate against the mortgagee and not for him. *Bowen v. Ratcliff*, 140 Ind. 393, 398, 39 N.E. 860, 862 (1895). We confirm that precedent today. However, it does not mean that the mortgagee's case fails entirely because the precise amount remaining is indeterminable from the evidence at trial. Rather it means that doubts are resolved against the mortgagee, but that amounts established by undisputed evidence remain collectible.

 Yanoff had the burden of proof as to the amount still owing. Yanoff contends that Muncy is estopped from disputing the $45,000 he agreed he owed on the mortgage in a court-approved settlement. However, that agreement is not binding on the Trust or other creditors of Muncy. Nonetheless the undisputed evidence at the hearing, even permitting Muncy to challenge his settlement agreement, permits easy calculation of the minimum amount owed to Yanoff resolving all doubts against Yanoff. Although both Muncy and Steinberg were uncertain precisely what Muncy owed Yanoff, Muncy himself provided all the tools necessary to determine at least a minimum amount of the debt. Muncy admitted his debt to Yanoff both in the prior settlement agreement and in his testimony in the trial court. He produced the amortization schedule, but testified he

---

2. A mortgage of $90,000 at 10% over 120 months requires payments of exactly $1,189.36 according to Microsoft Excel version 7.0. Muncy's testimony thus fits precisely with the mathematics, even if Muncy himself could not perform this calculation on the stand.

could not calculate what he owed as he sat on the stand. He reviewed his payment history for the court, starting with the $10,000 paid to Yanoff as a down payment in 1989. He said he had made monthly payments according to the amortization schedule, but at some point between April and June 1995 had stopped paying. He also testified to two unusual cash payments totaling $15,000 and an additional $15,900 spent on roof repairs.

The trial court's findings accompanying the Muncy–Yanoff order, which was not binding on the Trust, disallowed both the $15,000 and the $15,900, but the court made no finding on that point in its final judgment, presumably because the trial court found no debt against which they are credited. If the trial court finds on remand that Yanoff carried his burden of proof over Muncy's testimony as to either or both of the amounts, they should be added to the balance due as of June 1995.

The undisputed facts produce the following:

| | | |
|---|---|---|
| | $46,893.81 | amount Muncy agreed he owed under the amortization schedule as of June (the later of the April–June window when monthly payments stopped by all accounts) |
| − | $15,900.00 | roof repairs |
| − | $15,000.00 | cash payments |
| = | $15,993.81 | owed on mortgage by Muncy as of June 30, 1995 |
| + | $ 3,600.28 | trial court awarded this amount for property taxes |
| + | $ 2,500.00 | trial court awarded this amount for attorney fees |
| | $22,094.09 | MINIMUM TOTAL OWED YANOFF (plus interest on $15,993.81 from June 30, 1995 at 10%) |

In sum, the record does not support a finding that no amount of Muncy's debt to Yanoff could be established. We have a firm conviction that a mistake has been made. Accordingly, we set aside the trial court's factual finding on this issue as clearly erroneous.

### Conclusion

Transfer is granted. Because recovery on the note is proper, we affirm the award of taxes and fees. We reverse the trial court and remand to the Clark Superior Court with directions to enter judgment consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.