**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 15 2014, 10:16 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
M.K.:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEY FOR APPELLANT
D.W.:

**DANIELLE L. GREGORY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF J.W., A CHILD IN NEED OF SERVICES | ) | |
| | ) | |
| J.W. (Minor Child), | ) | |
| | ) | |
| And | ) | |
| | ) | |
| M.K. (Mother), & D.W. (Father), | ) | |
| | ) | |
| Appellants/Respondents, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1312-JC-593 |
| | ) | |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) | |
| | ) | |
| Appellee/Petitioner. | ) | |

**July 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

M.K. ("Mother") and D.W. ("Father") appeal from the trial court's determination that their daughter J.W. is a child in need of services ("CHINS"). Mother, who disputed the CHINS allegations, argues that there is insufficient evidence to support the trial court's CHINS determination. Father, who admitted that J.W. is a CHINS due to domestic violence between the parties, challenges the court's order that he complete a domestic-violence assessment and submit to random drug testing. We conclude that there is sufficient evidence to support the CHINS adjudication, and the trial court did not err when it ordered Father to complete a domestic-violence assessment. However, because Father's CHINS admission was based solely on domestic violence between the parties and because there is no evidence in the record that Father has a substance-abuse problem, the court erred when it ordered Father to submit to random drug testing. We affirm in part and reverse in part.

## Facts and Procedural History

J.W. was born in September 2012, and she tested positive for THC at birth. As a result of the positive test results, in December 2012, Mother entered into an informal

2

adjustment with the Marion County Department of Child Services ("MCDCS").[1] The informal adjustment required Mother to participate in mental-health, substance-abuse, and home-based services. During the informal-adjustment period, Mother had several positive drug screens and missed others, and she was unsuccessfully discharged from home-based services.

Mother never completed the informal adjustment; in February 2013 she and Father were involved in a domestic dispute in J.W.'s presence. Father was arrested for battery. Mother was temporarily hospitalized for making suicidal statements, but she was also arrested for battery after her release.[2]

Shortly after the incident, MCDCS filed a petition alleging that J.W. was a CHINS.[3] The CHINS petition included facts regarding J.W.'s positive THC test at birth, Mother's failed informal adjustment, and the domestic dispute between Mother and Father. Appellant Mother's App. p. 24. It also referenced Father's admission to a caseworker that he used marijuana "a little less than a month ago." *Id.* at 28.

Father admitted that J.W. is a CHINS. His signed admission reads:

[J.W.] is a [CHINS], [Father] has failed to provide her with a safe and stable living environment free from domestic violence. On 02/16/13, individuals living in the home engaged in a physical altercation while in the presence of [J.W.]. [Father] was arrested for battery and as a result of the foregoing, the coercive intervention of the court is necessary to ensure [J.W.'s] safety and well-being.

*Id.* at 82.

---

[1] Father was not a party to the informal adjustment. *See* Petr's Ex. 1.

[2] The parties state that Mother was arrested for assault, but there is no crime of assault in Indiana.

[3] The petition also alleged that Mother's other child, S.P., was a CHINS. S.P. and J.W. have different fathers, and S.P. is not involved in this appeal.

Because Mother disputed the CHINS allegations, the court held two fact-finding hearings on MCDCS's petition in September 2013. At the hearings, caseworkers acknowledged that Mother had made progress and completed some services, including domestic-violence counseling. However, Mother had not yet completed her Intensive Outpatient Program (IOP) to address her substance-abuse issues. When asked about any remaining concerns about Mother, a caseworker replied that Mother had "not completed an IOP and the home-based case management and she doesn't have employment." Tr. p. 157. The caseworker also revealed that Mother had been arrested for possession of Spice just a few weeks earlier.[4] *Id.* The trial court placed J.W. in Mother's home, where Mother lived with her parents, on a temporary trial home visit ("TTV"), and took the matter under advisement.

In October, the trial court entered an order adjudicating J.W. a CHINS. In relevant part, the order provided:

> J.W. is a [CHINS] as her physical or mental condition is seriously impaired or seriously endangered as a result of the inability of [Mother] to supply her with a safe and stable home. Mother has admitted to marijuana use, admitted to domestic violence with [Father], and admitted to making self[-]harming statements when in an argument with [Father]. Since the filing of the CHINS [petition], Mother has been cooperative in services and has progressed to having [J.W.] in her care on TTV . . . but Mother has not completed her IOP and is still benefiting from home[-]based services.
>
> [J.W.] needs care, treatment[,] or rehabilitation that she was not receiving and that she was unlikely to be provided without the coercive intervention of the court. Mother had domestic violence and substance[-]abuse issues that needed to be addressed to provide [J.W.] with a safe and stable home. Prior to fact[-]finding Mother engaged in services, has been cooperative with services[,] and has benefited from those services. She has not,

---

[4] "Spice" is a type of synthetic drug.

4

however, completed all the services and completion of her IOP services is essential to [J.W.'s] physical and emotional well[-]being.

Appellant Mother's App. p. 130-31.

At the dispositional hearing, MCDCS requested random drug screens for Father as he "admitted to a [MCDCS] worker during her investigation that he had used marijuana a little less than a month prior to that investigation, which is a concern." Tr. p. 300. The trial court granted this request. Appellant Father's App. p. 125 (parental-participation order). At MCDCS's request, the court also ordered Father to complete a domestic-violence assessment.[5] Tr. p. 305; Appellant Father's App. p. 125-26 (parental-participation order).

Mother and Father now appeal.

## Discussion and Decision

Mother and Father raise separate challenges on appeal: Mother argues that there is insufficient evidence to support the trial court's CHINS determination, and Father challenges the trial court's order that he complete a domestic-violence assessment and submit to random testing.

## I. CHINS Adjudication

Indiana courts recognize parents' fundamental right to raise their children without undue influence from the State, but that right is limited by the State's compelling interest in protecting the welfare of children. *In re Ju.L.*, 952 N.E.2d 771, 776 (Ind. Ct. App. 2011). A CHINS proceeding is a civil action in which the State must prove by a preponderance of the evidence that a child meets the statutory definition of a CHINS. *In*

---

[5] Father was ordered to do other things, such as participate in home-based counseling, but he does not challenge those portions of the parental-participation order.

*re N.E.*, 919 N.E.2d 102, 105 (Ind. 2010); Ind. Code § 31-34-12-3.  To do so, the State must prove that the child is under age eighteen and that:

(1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and

(2) the child needs care, treatment, or rehabilitation that:

(A) the child is not receiving; and

(B) is unlikely to be provided or accepted without the coercive intervention of the court.

Ind. Code § 31-34-1-1.

When reviewing a trial court's determination that a child is in need of services, we do not reweigh the evidence or judge the credibility of the witnesses.  *In re S.D.*, 2 N.E.3d 1283, 1286-87 (Ind. 2014) (citations omitted), *reh'g denied*.  We consider only the evidence that supports the trial court's decision and the reasonable inferences drawn therefrom.  *Id.*  Here, the trial court entered findings and conclusions sua sponte.  Thus, as to the issues covered by the findings, we must determine whether the evidence supports the findings, and whether the findings support the judgment.  *Id.* (citing *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997)).  We review the remaining issues under the general-judgment standard—the judgment "will be affirmed if it can be sustained on any legal theory supported by the evidence."  *Id.*

Mother contends that there is insufficient evidence to support the trial court's CHINS determination.  Specifically, she argues that J.W. is not currently in danger and

6

the coercive intervention of the court is not needed because she is "close to finishing all of her services." Appellant Mother's Br. p. 12. We disagree.

Mother entered into an informal adjustment with MCDCS in December 2012 after J.W. tested positive for THC at birth. Mother did not complete the informal adjustment: she had several positive drug screens and missed others, and she was unsuccessfully discharged from services. Two months later, Mother and Father were involved in a domestic dispute in J.W.'s presence. Father was arrested for battery. Mother was temporarily hospitalized for making suicidal statements, but she was also arrested for battery after her release.

MCDCS's CHINS filing was based on J.W.'s THC-positive status at birth, Mother's failed informal adjustment, and the domestic dispute between Mother and Father. At the CHINS hearing, caseworkers testified that Mother was making progress and had completed some services, including domestic-violence counseling. However, Mother had not completed her IOP or home-based services, had not secured employment, and had recently been arrested for possession of Spice.

In its CHINS order, the trial court acknowledged Mother's progress and compliance but nonetheless concluded that its coercive intervention was needed:

> [J.W.] needs care, treatment[,] or rehabilitation that she was not receiving and that she was unlikely to be provided without the coercive intervention of the court. Mother had domestic violence and substance[-]abuse issues that needed to be addressed to provide [J.W.] with a safe and stable home. Prior to fact[-]finding Mother engaged in services, has been cooperative with services[,] and has benefited from those services. She has not, however, completed all the services and completion of her IOP services is essential to [J.W.'s] physical and emotional well[-]being.

Appellant Mother's App. p. 130-31.

7

Mother's progress and participation in services, while commendable, is only one chapter in her story, which includes drug use, domestic violence, and a failed informal adjustment. These were not isolated incidents; they occurred over a period of several months. At the time of the hearing, Mother had yet to fully resolve one of the biggest problems in this case—her substance abuse. She had not completed her IOP services or home-based services, and she had recently been arrested for possession of Spice, a synthetic drug.[6] In light of this evidence, we cannot say that the trial court erred when it determined that coercive intervention was necessary and adjudicated J.W. a CHINS.

## II. Parental-Participation Order

Father, who admitted that J.W. is a CHINS, contends that the trial court erred when it ordered him to complete a domestic-violence assessment and submit to random drug testing. He claims that he is already participating in domestic-violence services and that requiring him to complete a domestic-violence assessment would "require[] [him] to start over unnecessarily [and] ha[s] the potential of setting [him] up for failure." Appellant Father's Br. p. 11. He argues that the drug-testing order is error because he admitted to domestic violence, not substance abuse, and there is no evidence in the record establishing that he has a substance-abuse problem. *Id.* at 10.

Indiana Code section 31-34-20-3 provides:

> If the juvenile court determines that a parent, guardian, or custodian should participate in a program of care, treatment, or rehabilitation for the child, the court may order the parent, guardian, or custodian to do the following:

---

[6] Mother argues that the Spice did not belong to her and she tested negative for Spice. Appellant Mother's Br. p. 6. Assuming this is true, the trial court was nonetheless entitled to consider Mother's arrest.

(1) Obtain assistance in fulfilling the obligations as a parent, guardian, or custodian.

(2) Provide specified care, treatment, or supervision for the child.

(3) Work with a person providing care, treatment, or rehabilitation for the child.

(4) Participate in a program operated by or through the department of correction.

"Although the [trial] court has broad discretion in determining what programs and services in which a parent is required to participate, the requirements must relate to some behavior or circumstance that was revealed by the evidence." *In re A.C.*, 905 N.E.2d 456, 464 (Ind. Ct. App. 2009). "[F]orcing unnecessary requirements upon parents whose children have been adjudicated as CHINS could set them up for failure with the end result being not only a failure to achieve the goal of reunification, but potentially, the termination of parental rights." *Id.* (citation omitted).

There is no question that domestic violence is a central issue in this case. In his CHINS admission, Father expressly admitted as much. Although Father was already participating in domestic-violence services at the time of the dispositional hearing, a domestic-violence assessment will allow the trial court to determine if those services are appropriate or if others are needed. The trial court did not err when it ordered Father to complete a domestic-violence assessment.

The trial court did err, however, when it ordered Father to submit to random drug testing. Father's CHINS admission is based solely on the domestic violence between the parties, not Father's substance abuse, and the trial court made no findings regarding Father's drug use. In fact, the only reference to Father's drug use in the record is a single

admission by Father that he used marijuana "about a month" before the CHINS filing.[7]

We therefore conclude that the evidence does not support the trial court's order requiring Father to submit to random drug testing, and we reverse the trial court on that ground.

Affirmed in part, reversed in part, and remanded with instructions to vacate the portion of the parental-participation order requiring Father to submit to random drug testing.

NAJAM, J., and BROWN, J. concur.

---

[7] Although the State says that Father was facing criminal charges for using marijuana, *see* Appellee's Br. p. 26, it is not clear that was the case—the record does not disclose what the criminal charge was. *See* Tr. p. 145 ("[Father] admitted to me that he smoked marijuana."); Appellant Mother's App. p. 28 ("[Father] reports he used marijuana a little less than a month ago, and received a criminal charge in Johnson County.").