## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 30 2017, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christina Lyons
Bloomington, Indiana

ATTORNEY FOR APPELLEE

Darla S. Brown
Sturgeon & Brown, P.C.
Bloomington, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christina Lyons,<br>*Appellant,*<br><br>v.<br><br>Lillian Henegar, Trustee of Bloomington Township,<br>*Appellee.* | May 30, 2017<br><br>Court of Appeals Case No.<br>53A04-1603-MI-611<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Frances G. Hill, Judge<br><br>Trial Court Cause No.<br>53C06-1506-MI-1114 |

**Barnes, Judge.**

# Case Summary

Christina Lyons appeals the trial court's order regarding the denial of her application for township assistance by Lillian Henegar, Trustee of Bloomington Township ("Trustee"). We affirm.

# Issue

Lyons raises numerous issues, which we consolidate and restate as whether the trial court properly denied Lyons's request for township assistance.

# Facts

On March 9, 2015, Lyons signed a four-month lease with Woodbridge of Bloomington apartment complex. Lyons was obligated to pay $683.00 per month in rent. The rent did not include gas, electric, cable, or internet. Lyons's Social Security income less her Medicare premium and student loan payment resulted in her having approximately $750.00 per month in available income. On March 23, 2015, Lyons applied for food stamps and Medicaid. On March 25, 2015, Lyons applied for Section 8 housing at Woodbridge, and she was placed on a waiting list. Lyons hoped that Section 8 housing would be available at Woodbridge by the time her four-month lease expired. However, she was told that the waiting time could be six months to a year.

Lyons was only able to pay $183 of the April rent payment. Lyons completed the application and interview for township assistance on April 17, 2015. She requested $500 to pay the remainder of her April rent payment. At that time, Lyons had $58.62 in the bank and $5 in cash. Lyons also had monthly

expenses for food, a credit card bill, phone bills, utilities, and other miscellaneous expenses.

[5] On April 22, 2015, the Trustee denied Lyons's request for rent assistance for April as follows:

> Your request for township assistance has been denied since you do not have the means to maintain a monthly rent and electric with your income. The Trustee may not provide rent or utility assistance without proof applicant will be able to continue to pay the monthly rent or utility. This is a reason for township denial. May rent will be due in eight days. According to Woodbridge the wait list for Section 8 is six to twelve months. At this time, you do not have sufficient income to pay a monthly rent of $683 until you are approved for Section 8. If you need emergency shelter, you may contact Martha's House . . . or Agape House . . . .

Appellant's App. Vol. II p. 24. Lyons appealed the denial of township assistance to the Board of County Commissioners ("Commissioners"), which affirmed the denial. Lyons then appealed to the trial court.

[6] Lyons named the Trustee and the Commissioners in her complaint, and the trial court later dismissed the Commissioners from the action. After a hearing, the trial court denied Lyons's request for township assistance and issued the following findings of fact and conclusions thereon:

> 15. Before this court, the Plaintiff contends that denial of township assistance is in error because Plaintiff is not seeking ongoing shelter assistance but emergency relief that she qualifies for emergency relief, that the case

manager misstated her expenses, and that the forms are problematic because a budget is not the same as a statement of expenses. Plaintiff also argues that her rental arrangement was sustainable because her expenses are not as great as stated because of the verbal verification that she received and shared with the Trustee that she is eligible for food stamps and Medicaid, that she could afford her future rental payments until section 8 became available by not paying (or delaying) some of her fixed expenses as needed, and that she was not seeking ongoing monthly assistance but only one payment toward her April rent. Plaintiff may also argue that the Bloomington Township Trustee Guidelines are inconsistent with Indiana law.

16. Defendant Trustee defends the denial of township assistance, on her argument that Plaintiff's request for $500 was not related to an emergency, but was Plaintiff's purposeful calculation that she could use township assistance to fulfill a rental obligation while Plaintiff juggled other expenses until Section 8 housing was available to her, with no guarantees as to when that would be. Defendant Trustee also argues that the Trustee is prohibited by the Township Trustee Guidelines from giving assistance toward rent if the rent amount is not sustainable, contending that Plaintiff's monthly rent of $683 is not sustainable on Plaintiff's income of Social Security Disability less her expenses, and that this is confirmed by the fact that Plaintiff could not make her first rent payment in full in April. Trustee argues that it followed its application process and could not consider that Plaintiff's expenses would be reduced by her Medicaid eligibility because it did not have the necessary written verification for same within the application deadline.

17.    The Bloomington Township Assistance Guidelines in effect at the time of Plaintiff's application for assistance state on the topic of shelter, in pertinent part, as follows:

> The Trustee may help provide shelter as needed on a month-by-month basis. Assistance will be provided in whatever form necessary to provide or prevent the loss of shelter *so long as such aid constitutes the most economical and practical means of providing shelter . . . .*

> The Trustee will not issue a rent purchase order to supplement any rent subsidy, supplement or other government rent assistance *unless a special emergency need exists*. The Trustee will not pay rent deposits or late fees or damage or maintenance costs. *The Trustee may not provide rent or mortgage payment without proof the applicant will be able to continue to pay that monthly rent or mortgage*. [italics added]

18.    The court concludes that the Plaintiff was not seeking relief for an unexpected event - an emergency. Plaintiff carefully calculated her expenses and potential available benefits and then entered into a rental arrangement knowing that she had a shortfall, with the hope that she could obtain Trustee assistance or other benefits would become available before her full rent was due. Plaintiff was not seeking relief based upon an unexpected emergency.

19.    The court concludes that the Plaintiff's monthly rental expense of $683 was not sustainable, and denies the relief because the evidence does not show that the *applicant [Plaintiff] will be able to continue to pay that monthly rent or mortgage*.

20.     The court bases this conclusion upon the following. The evidence shows that the Plaintiff's monthly Social Security Disability income of $954 is reduced by monthly expenses of at least $204 (Sallie Mae Loan and Medicare premium), which does not include the Plaintiff's other likely or owing expenses for phone, food, $25 credit card payment, or utility expenses. The Plaintiff did not adequately verify that she was approved for Medicaid such that her monthly Medicare premium would not be charged. The evidence does not show that the Section 8 housing benefit will be available before the Plaintiff's next rent payment is due. The evidence showed the Plaintiff was on a waiting list with no date certain when the Section 8 benefit would be available.

21.     Subtracting Plaintiff's Social Security Disability of $954 from the minimum $204 in expenses, the Plaintiff had available income of $750. A monthly rental expense of $683 is 91% of the monthly income of $750. After payment of that rental expense Plaintiff would have only $67 for the remainder of her monthly living expense. This is not sustainable. The evidence does not show that the Plaintiff could continue to pay the monthly rent as is required by the Bloomington Township Trustee Guidelines. The application for assistance should be denied.

22.     The court does not discount the efforts of the Plaintiff to carefully marshal all available resources to obtain housing, nor the pain and trauma of homelessness. However, the court does not find the Bloomington Township Trustee Guidelines inconsistent with Indiana law or justice. The Trustee is limited to a budget. Guidelines that promote economical and practical means of providing shelter and require sustainability in non-emergency situations, are not unreasonable or unjust.

Appellant's App. Vol. II pp. 13-15. Lyons now appeals.

## Analysis

[7]     Lyons appeals the trial court's denial of her request for township assistance. The trial court here issued sua sponte findings and conclusions. Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Id.* When a court has made special findings of fact, we review sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.*

[8]     Findings will only be set aside if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly-found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005).

[9]     The procedure for awarding township assistance, formerly known as "poor relief," is regulated by Indiana Code Article 12-20. The purpose of Article 12-20 "is to provide necessary and prompt relief to the citizens and residents of Indiana." Ind. Code § 12-20-1-1. "A township trustee, as administrator of township assistance, may provide and shall extend township assistance only when the personal effort of the township assistance applicant fails to provide one (1) or more basic necessities." I.C. § 12-20-16-1.

> If a township trustee determines by investigation that a township assistance applicant or a township assistance applicant's household requires assistance, the township trustee shall, after determining that an emergency exists, furnish to the applicant or household the temporary aid necessary for the relief of immediate suffering. However, before any further final or permanent relief is given, the township trustee shall consider whether the applicant's or household's need can be relieved by means other than an expenditure of township money.

I.C. § 12-20-17-1. An emergency means "an unpredictable circumstance or a series of unpredictable circumstances that: (1) place the health or safety of a household or a member of a household in jeopardy; and (2) cannot be remedied in a timely manner by means other than township assistance." I.C. § 12-7-2-76.5.

[10]    The township must develop uniform written standards for the issuance of township assistance and the processing of applications in compliance with Article 12-20. *See* Ind. Code Chapter 12-20-5.5. Article 12-20 "shall be liberally construed so that the article's purposes and policies may be accomplished as

equitably and expeditiously as possible." I.C. § 12-20-1-2. If the applicant for township assistance is not satisfied with the decision of the trustee, the applicant may appeal to the board of commissioners. I.C. § 12-20-15-1. The board of commissioners must hold a hearing and issue a written decision on the appeal. I.C. § 12-20-15-6. "The township trustee or an applicant may appeal a decision of the board of commissioners to a circuit or superior court with jurisdiction in the county." I.C. § 12-20-15-8(a). In the appeal, the trial court "shall be governed by the township's township assistance standards for determining eligibility for granting township assistance in the township. If legally sufficient standards have not been established, the court shall be guided by the circumstances of the case." I.C. § 12-20-15-8(b). The trial court applies a de novo standard of review and tries the case as an "original cause." *Office of Trustee of Wayne Tp. v. Brooks*, 940 N.E.2d 334, 337 (Ind. Ct. App. 2010), *trans. denied*.

[11] Lyons argues that she qualified for emergency relief.[1] The Trustee's basis for denying Lyons's application was that she did "not have the means to maintain a monthly rent and electric with [her] income." The Trustee's Guidelines

---

[1] Lyons also argues that the Trustee failed to follow various procedural requirements in processing the application, that the Trustee failed to properly investigate, and that the Trustee discriminated against her based upon her gender and marital status. Indiana Code Section 12-20-5.5-1(a) provides: "The township trustee shall process all applications for township assistance according to uniform written standards and without consideration of the race, creed, nationality, or gender of the applicant or any member of the applicant's household." Lyons has failed to demonstrate that the Trustee's decision or the trial court's decision were affected by the alleged procedural irregularities, investigation, or her gender or marital status. Rather, the decision appears to have been based solely on the non-emergency circumstances of her claim and her inability to sustain payment of her rent.

provide: "The office of the Trustee is designed to provide temporary relief in emergency situations when a township resident has exhausted other means of relief." Ex. J p. 3. The Guidelines further provide that the Trustee "may help provide shelter as needed on a month-by-month basis. Assistance will be provided in whatever form necessary to provide or prevent the loss of shelter so long as such aid constitutes the most economical and practical means of providing shelter." *Id.* at 8. However, the Trustee "may not provide rent or mortgage payment without proof applicant will be able to continue to pay the monthly rent or mortgage." *Id.*

[12] Lyons argues that the Guidelines conflict with Indiana Code Article 12-20, but we do not find her argument persuasive. We have held "it is clear that the legislature extended to the Trustee discretion in the administration of [township] assistance as regards the nature and extent of the relief to be afforded given the particular circumstances of the individual applicant." *State ex rel. Van Buskirk v. Wayne Twp., Marion Cty.*, 418 N.E.2d 234, 241 (Ind. Ct. App. 1981). "Clearly, the legislature intended that the poor should receive necessary relief. The nature and extent of such relief are necessarily left in large part within the sound discretion of the Trustee." *Id.* at 244. Although the legislature set general guidance for the township's administration of such funds, the exact methods used to distribute the funds is left to the township, subject to the limitations established by the legislature.

[13] The Trustee's Guidelines state that the Trustee "may not provide rent or mortgage payment without proof applicant will be able to continue to pay the

monthly rent or mortgage." Ex. J p. 8. The Trustee explained during her testimony that the purpose of this provision is to assist residents with shelter in the "most practical economical manner." Tr. p. 136. She explained that township assistance is "meant to be a one-time assistance to help someone who's had an unforeseen expense that threw them totally off, and it jeopardizes their ability to stay sheltered." *Id.* at 137. The Trustee determines whether the resident will be able to pay the following month's rent and "get back on track very quickly." *Id.* at 136. The trial court found that the Guideline was not "inconsistent with Indiana law or justice." The trial court noted: "The Trustee is limited to a budget. Guidelines that promote economical and practical means of providing shelter and require sustainability in non-emergency situations, are not unreasonable or unjust." *Id.* We agree. We find nothing in the Guideline that is inconsistent with Indiana Code Article 12-20.

[14] Lyons also argues that, even if the Guideline is appropriate, it should not have prevented her from receiving township assistance. The trial court rejected Lyons's arguments, concluding that Lyons's situation was not an emergency and that her rental situation was not sustainable. The trial court found:

> [T]he Plaintiff was not seeking relief for an unexpected event - an emergency. Plaintiff carefully calculated her expenses and potential available benefits and then entered into a rental arrangement knowing that she had a shortfall, with the hope that she could obtain Trustee assistance or other benefits would become available before her full rent was due. Plaintiff was not seeking relief based upon an unexpected emergency.

Appellant's App. Vol. II p. 14. Further, the trial court found that payment of the rent was not sustainable given Lyons's income and other expenses. Again, we agree. The evidence presented at the hearing demonstrated that Lyons entered into the four-month lease without the income to sustain paying the rent. Although she attempted to obtain government assistance to help meet her obligations, she did not receive the assistance in time to pay her entire April rent, and her May rent was due soon. This was not an unforeseen circumstance that would qualify as an emergency. Further, at the time of her application, Lyons was on a waiting list for Section 8 housing that could have been six months to a year and her application for food stamps and Medicaid had not yet been approved. There was no indication that Lyons would be able to pay the monthly rent in the near future. We conclude that the trial court's findings and conclusions thereon are not clearly erroneous.

[15]     Lyons also contends that she is entitled to damages for the Trustee's wrongful denial of her request for township assistance. Because we conclude that the Trustee's denial of her request was not clearly erroneous, we will not address her claim for damages.[2]

---

[2] Lyons has not identified the statutory basis for her damages claim. The State argues that Indiana Code Article 12-20 does not provide for damages to an applicant whose claims for township assistance have been wrongfully denied. The State further notes that Lyons's failure to file a tort claims notice would bar any tort claim.

# Conclusion

[16] The trial court's denial of Lyons's application for township assistance is not clearly erroneous. We affirm.

[17] Affirmed.

Kirsch, J., and Robb, J., concur.