## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 12 2018, 7:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

Aa.P., T.B., Aj.B., K.B., At.P., and Az.B., Children Alleged to be in Need of Services;

S.B. (Mother),

*Appellant-Respondent,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner,*

and

October 12, 2018

Court of Appeals Case No. 18A-JC-1168

Appeal from the Marion Superior Court

The Honorable Gary Chavers, Judge Pro Tempore

The Honorable Marcia J. Ferree, Magistrate

Trial Court Cause Nos.
49D09-1712-JC-4012
49D09-1712-JC-4013
49D09-1712-JC-4014
49D09-1712-JC-4015
49D09-1712-JC-4016
49D09-1712-JC-4017

Child Advocates, Inc.,

*Co-Appellee.*

**Najam, Judge.**

# Statement of the Case

S.B. ("Mother") appeals the trial court's adjudication of her minor children, Aa.P., T.B., Aj.B., K.B., At.P., and Az.B. (collectively "the Children"), as children in need of services ("CHINS"). Mother raises one issue for our review, namely, whether the trial court erred when it adjudicated the Children to be CHINS.[1]

We affirm.

# Facts and Procedural History

Mother has six children: Aa.P., born October 28, 2006; T.B., born October 19, 2009; Aj.B., born September 5, 2011; K.B., born July 8, 2015; At.P, born February 25, 2016; and Az.B., born April 2, 2017. D.C. is the biological father

---

[1] D.C. and T.W., the fathers of Az.B. and T.B., respectively, were respondents below but do not participate in this appeal. A.P. is the father of the other four children and does not participate in this appeal.

of Az.B. On November 27, 2017, Officer Dominique Clark with the Indianapolis Metropolitan Police Department "responded to a domestic call along with a shots fired run" at Mother's house in Indianapolis. Appellant's App. Vol. II at 194. When Officer Clark arrived, D.C. was not home, but Mother told Officer Clark that "there had been an altercation about [D.C.]'s cell phone" where D.C. "got out a gun, chased [Aa.P.] up the stairs and said he would shoot out the televisions and blow out the windows." *Id.* Mother then told Officer Clark that D.C. "went outside and fired the gun." *Id.* Mother also stated that D.C. "choked her until she couldn't breathe and she struggled and fought to get him off of her." *Id.* A few hours later, when D.C. returned to Mother's home, Mother called the police, and Officer Clark returned and arrested D.C.

[4] On December 5, Jourdan Taylor, a Family Case Manager ("FCM") with the Indiana Department of Child Services ("DCS"), went to Mother's house to investigate the safety and well-being of the Children given the incident on November 27 that led to D.C.'s arrest. Mother told Taylor that Mother and D.C. had only gotten into "a small disagreement" on that date, "that there was not a gun involved, and that none of the children were present at the time of the altercation." *Id.* at 195. Mother told Taylor that Mother would not get an order of protection against D.C. "because there was not an altercation and that she would not be pursuing any legal action" against D.C. *Id.* Mother admitted to Taylor that Mother had previously been the victim of domestic violence committed by A.P.

On December 7, DCS filed petitions alleging that the Children were CHINS because of the incident on November 27, and the trial court granted wardship of the Children to DCS.  Following a factfinding hearing on March 22, 2018, the trial court concluded that the Children were CHINS.  In particular, the court found that each of the Children's physical or mental condition was seriously impaired or endangered as a result of Mother's inability, refusal, and neglect to provide the Children with a safe and stable home environment free from domestic violence.  The court found further that (1) the Children need a safe and stable home environment that is free from domestic violence, which they are unlikely to receive without the coercive intervention of the Court; and (2) the Children need therapy which they are unlikely to receive without the coercive intervention of the court.  This appeal ensued.

## Discussion and Decision

Mother contends that the trial court erred when it adjudicated the Children to be CHINS.  Our Supreme Court recently set out our standard of review:

> When reviewing a trial court's CHINS determination, we do not reweigh evidence or judge witness credibility. *In re S.D.*, 2 N.E.3d 1283, 1286 (Ind. 2014).  "Instead, we consider only the evidence that supports the trial court's decision and [the] reasonable inferences drawn therefrom." *Id.* at 1287 (citation, brackets, and internal quotation marks omitted).  When a trial court supplements a CHINS judgment with findings of fact and conclusions law, we apply a two-tiered standard of review.  We consider, first, "whether the evidence supports the findings" and, second, "whether the findings support the judgment." *Id.* (citation omitted).  We will reverse a CHINS determination only

if it was clearly erroneous. *In re K.D.*, 962 N.E.2d 1249, 1253 (Ind. 2012). A decision is clearly erroneous if the record facts do not support the findings or "if it applies the wrong legal standard to properly found facts." *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997) (citation omitted).

*Gr. J. v. Ind. Dep't. of Child Servs. (In re D.J.)*, 68 N.E.3d 574, 577-78 (Ind. 2017) (alterations in original).

[7] Mother's sole contention on appeal is that the trial court erred when it concluded that the Children need therapy which they are unlikely to receive without the coercive intervention of the court. In particular, Mother asserts that two of the trial court's findings in support of that conclusion are erroneous, and she asserts, generally, that the evidence does not support that conclusion. But Mother ignores the trial court's conclusion that the Children were also CHINS because they need a safe and stable home environment that is free from domestic violence, which they are unlikely to receive without the coercive intervention of the court. Thus, Mother has waived this issue for our review.

[8] DCS alleged that the Children were CHINS pursuant to Indiana Code Section 31-34-1-1 (2018), which provides that a child is a child in need of services if, before the child becomes eighteen years of age: (1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and (2) the child needs care, treatment, or rehabilitation that: (A) the child is not receiving; and (B) is unlikely to be provided or accepted

without the coercive intervention of the court. Our Supreme Court has interpreted this provision to require "three basic elements: that the parent's actions or inactions have seriously endangered the child, that the child's needs are unmet, and (perhaps most critically) that those needs are unlikely to be met without State coercion." *J.B. v. Ind. Dep't. of Child. Serv. (In re S.D.)*, 2 N.E.3d 1283, 1287 (Ind. 2014).

[9] Again, the trial court made conclusions under both prongs of Indiana Code Section 31-34-1-1, including two independent conclusions under the second prong. On appeal, Mother only challenges one of the court's two conclusions relevant to the second prong of the statute. Mother does not dispute that the evidence supports the trial court's conclusions both that (1) the physical or mental condition of each of the Children was seriously impaired or endangered as a result of Mother's inability, refusal, and neglect to provide the Children with a safe and stable home environment free from domestic violence; and (2) that the Children need a safe and stable home environment that is free from domestic violence, which they are unlikely to receive without the coercive intervention of the court. Indeed, the undisputed evidence shows that, after she initially reported the November 27, 2017, incident to Officer Clark, Mother then recanted and failed to show up for D.C.'s trial, which led to the State's dismissal of all charges. Mother did not seek an order of protection and continued to regularly see D.C. throughout the CHINS proceedings.

[10] It is well settled that a child's exposure to domestic violence can support a CHINS adjudication under Indiana Code Section 31-34-1-1. *See N.L. v. Ind.*

*Dep't. of Child. Serv. (In re N.E.)*, 919 N.E.2d 102, 106 (Ind. 2010); see also *M.P. v. Ind. Dep't. of Child. Serv. (In re D.P.)*, 72 N.E.3d 976, 984 (Ind. Ct. App. 2017) ("[A] single incident of domestic violence in a child's presence may support a CHINS finding, and [the violence] need not necessarily be repetitive."). Here, DCS presented testimony regarding Mother's "history of choosing partners that are physically aggressive to herself and the [C]hildren," as well as the trauma that domestic violence can cause in children, which "could affect them as they grow[.]" Tr. at 55-56. In light of the evidence most favorable to the judgment, we cannot say that the trial court's adjudication of the Children as CHINS is clearly erroneous. As such, we affirm the trial court's judgment.

Affirmed.

Crone, J., and Pyle, J., concur.