# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 09 2019, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Bates
Schererville, Indiana

ATTORNEY FOR APPELLEE

Shana D. Levinson
Levinson & Levinson
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Francisco J. Jimenez, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Blanca E. Jimenez, <br> *Appellee-Respondent.* | January 9, 2019 <br><br> Court of Appeals Case No. 18A-DR-1734 <br><br> Appeal from the Lake Circuit Court <br><br> The Honorable Marissa J. McDermott, Judge <br><br> The Honorable Alice A. Kuzemka, Referee <br><br> Trial Court Cause No. 45C01-1607-DR-557 |

**Najam, Judge.**

## Statement of the Case

Francisco J. Jimenez ("Husband") appeals the trial court's decree of dissolution of his marriage to Blanca E. Jimenez ("Wife"). Husband raises a single issue for our review, which we restate as whether the trial court clearly erred when it found that $39,000 spent by Wife and retained by Wife in her account prior to the dissolution of the marriage was for marital purposes and was not dissipated. We affirm.

## Facts and Procedural History

Husband and Wife married in 1990. In 2014, they borrowed $39,000 against their home in Hammond. They had "discussed moving to Texas," and Wife was "supposed to . . . go to Texas[ and] set up house so when [Husband] retired he'd be able to just move . . . there." Tr. at 74. Accordingly, on May 31, 2014, they deposited an initial $20,000 of that money into an account held by Wife. But Wife did not relocate to Texas immediately and instead continued to reside with Husband in Hammond. As she had not yet relocated, instead of using the funds on relocation costs she instead used them to pay down credit cards, a loan for a vehicle that was in Husband's name, and other debt. She also used some of the money to "help[ their] children out." *Id.* at 89.

On June 13, 2015, they deposited the remaining $19,000 into Wife's account. Wife moved to Texas about two months later. She rented an apartment and purchased furniture pursuant to their intent to relocate there. Husband visited her a couple of times, and on at least one occasion they looked at houses

together. Wife believed Husband was going to retire soon and join her in Texas.

[4] However, Husband decided not to move to Texas and instead filed his petition for dissolution of the marriage. At an ensuing fact-finding hearing on the petition, Husband testified that the $39,000 had been borrowed against the Hammond home and given to Wife "with the intention that [it] was going to be part of our agreement" on dissolution, that is, her part of the equity in the Hammond home. *Id.* at 19. In support of that assertion, Husband presented a letter that had been notarized after the filing of the petition for dissolution and bore his signature but not Wife's. In the alternative, Husband argued that Wife dissipated the $39,000.

[5] The trial court found that the $39,000 was part of the marital estate and that Wife did not dissipate it. In particular, the court found in relevant part as follows:

> 20. [Husband's] written documents offered to prove his contention that the transfers were intended to buy out [Wife's] share of the marital residence were unconvincing, as they appeared to have been prepared at least a year after the first transfer, were notarized after the date of filing the petition for dissolution[,] and [were] not signed at all by [Wife].

> 21. Of the differing accounts of the reason for the transfer of the $39,000, the Court finds [Wife's] version more convincing and more in line with the parties' actions as shown by the testimony.

22.     The Court finds that the portion of the $39,000 that was spent was used for family and marital purposes and therefore will not be counted against [Wife's] share of the marital estate.  The portion that was not spent remains part of the marital estate.

Appellant's App. Vol. II at 13.  This appeal ensued.

# Discussion and Decision

[6]     Husband appeals the trial court's finding that the $39,000 was not dissipated by Wife.  The trial court's judgment included findings of fact and conclusions thereon following an evidentiary hearing.  As our Supreme Court has stated:

> pursuant to Trial Rule 52(A), we "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."  Factual findings are only clearly erroneous where there is no support for them in the record, either directly or by inference; a judgment is only clearly erroneous when it applies an improper legal standard to proper facts.  *Johnson v. Wysocki*, 990 N.E.2d 456, 460 (Ind. 2013).  "In either case, we must be left 'with the firm conviction that a mistake has been made.'"  *Id.* (quoting *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997)).

*Johnson v. Johnson*, 999 N.E.2d 56, 59 (Ind. 2013).

[7]     In distributing the marital estate, the trial court "shall presume that an equal division of the marital property is just and reasonable."  Ind. Code § 31-15-7-5 (2018).  However, a court may deviate from that presumption if "[t]he conduct of the parties during the marriage" demonstrates "dissipation of their property." *Id.*  As we have explained:

The dissipation of marital assets involves frivolous, unjustified spending of marital assets. The test for dissipation of marital assets is whether the assets were actually wasted or misused. To determine whether dissipation has occurred, we consider the following factors:

1. Whether the expenditure benefited the marriage or was made for a purpose entirely unrelated to the marriage;

2. The timing of the transaction;

3. Whether the expenditure was excessive or de minimis; and

4. Whether the dissipating party intended to hide, deplete, or divert the marital asset.

*Kondamuri v. Kondamuri*, 852 N.E.2d 939, 951-52 (Ind. Ct. App. 2006) (citations, quotation marks, and footnote omitted); *see also Coyle v. Coyle (In re Marriage of Coyle)*, 671 N.E.2d 938, 943-44 (Ind. Ct. App. 1996).

[8] On appeal, Husband argues that the trial court erred because, according to Husband, "[t]he evidence clearly shows that Wife used the money for her own benefit, thereby dissipating a portion of the marital estate to the detriment of Husband." Appellant's Br. at 10. Husband argues only that the first factor of the above four is relevant here, and he does not discuss the other three. In particular, he asserts that "Wife admitted that she did not spend the money as the parties originally intended. Thus . . . it is clear that Wife dissipated and disposed of the money to benefit herself . . . ." *Id.* at 13. Husband then argues

that the trial court erred when it did not "apply the $39,000 as a credit against Wife's share of the marital estate." *Id.*

[9] The trial court did not clearly err when it found that Wife did not dissipate the $39,000. Wife testified that she used some of the money to pay down credit card debt, a loan for a car that was in Husband's name, and other debt. Wife also testified that she used some of the money on expenses relating to their children. And she used some of the money on relocation costs to Texas in the belief, prior to Husband's petition for dissolution, that both parties would be relocating there. The evidence supports the trial court's finding that Wife did not engage in "frivolous, unjustified spending" of that money or otherwise use the money for a "purpose entirely unrelated to the marriage." *Kondamuri*, 852 N.E.2d at 951-52.

[10] Husband's argument on appeal is merely a request for this Court to reweigh the evidence, which we cannot do. Further, insofar as Husband asserts that some portion of the credit card or other debt was in Wife's name, Husband has not shown that that debt was outside the marital pot. Accordingly, we cannot say that the trial court's judgment is clearly erroneous, and we affirm its judgment.

[11] Affirmed.

Pyle, J., and Altice, J., concur.